IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES J. BERNARD, | ) | Case No. 3:21-cv-1656 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| ED SHELDON, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |
| | ) | |

On June 27, 2017, petitioner James J. Bernard pleaded guilty to engaging in a pattern of corrupt activity, aggravated theft, and money laundering and was sentenced to five years of community control. The terms of his community control required that he report to his probation officer and make monthly restitution payments to his victims. By August 2018, however, Bernard had absconded, and the state petitioned to revoke community control. Bernard stipulated to violating the terms of his community control and was sentenced to an aggregate prison term of eight years.

Bernard, pro se, now petitions for a writ of habeas corpus, under 28 U.S.C. § 2254, raising one claim for relief. ECF Doc. 1. Bernard asserts:

**Ground One**: Petitioner was denied his right to a fair trial when the court denied his request to hire his own counsel.

**Supporting Facts**: Petitioner, due to some disagreement[,] requested that he be allowed to change his court appointed lawyer and hire his own lawyer, guaranteeing him his rights to a fair trial and the effective assistance of counsel.

ECF Doc. 1 at 5.  Respondent Warden Corey Foster[1] filed a return of writ, to which Bernard filed a traverse.[2]  ECF Doc. 8; ECF Doc. 9.

Because Bernard's claim is procedurally defaulted and meritless, I recommend that Bernard's claim be DISMISSED as defaulted or DENIED on the merits and that his petition for a writ of habeas corpus be DENIED.  I further recommend that Bernard not be granted a certificate of appealability.

## I.    State Court History

### A.    Trial Court Proceedings

On February 4, 2016, a Wood County, Ohio, grand jury returned an indictment charging Bernard with one count of engaging in a pattern of corrupt activity (Count One); three counts of aggravated theft (Counts Two, Three, and Four); and five counts of money laundering (Counts Five through Nine).  ECF Doc. 8-1 at 5–10.  Bernard retained counsel and pleaded not guilty. *See* ECF Doc. 8 at 4; ECF Doc. 8-1 at 12, 86, 228.

On August 1, 2016, Bernard's attorney moved to withdraw because of a breakdown of the attorney-client relationship and non-payment of attorney fees.  Online Docket for Wood Cnty. Ct. of Comm. Pleas, No. 2016CR0066, August 1, 2016 Motion for Leave to Withdraw at 1.[3]  Bernard's attorney requested that substitute counsel be appointed because Bernard was

---

[1] As the current warden of Allen-Oakwood Correctional Institution, where Bernard is confined, Corey Foster is the proper respondent.  *Rumsfeld v. Padilla*, 542 U.S. 426, 435–36 (2004) ("the proper respondent [in a habeas action] is the warden of the facility where the [petitioner] is being held").

[2] Bernard's traverse raises five additional claims for relief challenging: (i) the amount of restitution assessed; (ii) the state's charging decision; (iii) counsel's performance by not challenging the restitution amount and the charging decision and in advising him to plead guilty; and (iv) the trial court's "belittling and badgering" conduct.  ECF Doc. 9.  Because these grounds were raised for the first time in Bernard's traverse, they were forfeited and will not be addressed further.  *Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005) ("Because the … argument was presented first in [petitioner's] traverse rather than his habeas petition, it was not properly before the district court, and the district court did not err in declining to address it.").

[3] Courts may take judicial notice of court records that are publicly available online.  *Lynch v. Leis*, 382 F.3d 642, 647 n.5 (6th Cir. 2004).

indigent.  *Id.* at 1–2.  The trial court granted the motion and appointed substitute counsel.  ECF Doc. 8-1 at 232–33.

On June 27, 2017, Bernard pleaded guilty to the indictment pursuant to a plea agreement. ECF Doc. 8-1 at 12–14; Online Docket for Wood Cnty. Ct. of Comm. Pleas, No. 2016CR0066, July 3, 2017 Plea of Guilty to Indictment and Waiver of Rights.  The trial court accepted Bernard's plea, found him guilty, and sentenced him to a five-year term of community control. ECF Doc. 8-1 at 14, 18.  Bernard's community control conditions required that he pay $65,651.66 in restitution at a minimum rate of $700 per month.  ECF Doc. 8-1 at 19.  Bernard was also required to abide by the general terms of community control that he: (i) report to his probation officer as requested; (ii) keep his probation officer updated on his contact information; and (iii) refrain from violating any law and to notify his probation within three days of any arrest, summons, or citation.  ECF Doc. 8-1 at 19, 28–29.

On August 27, 2018, the state filed a petition for revocation of community control.  ECF Doc. 8-1 at 24.  The notice of community control violation alleged that Bernard failed to: (i) attend appointments with his probation officer; (ii) maintain a current telephone number with his probation officer; and (iii) make restitution payments.  ECF Doc. 8-1 at 25–27.  The state later filed an amended petition and community control violation, which additionally alleged that Bernard had been indicted in Crawford County, Ohio, on nine counts of theft and one count of identity fraud allegedly committed while Bernard was on community control.  ECF Doc. 8-1 at 34–35.  The trial court issued a warrant for Bernard's arrest.  ECF Doc. 8-1 at 255.

On July 18, 2019, Bernard was arrested.  ECF Doc. 8-1 at 256.  At a subsequent bond hearing, Bernard denied the community control violation allegations and was appointed counsel. ECF Doc. 8-1 at 41; ECF Doc. 8-2 at 1.  The court set a $100,000 cash bond, noting that in the

year since the warrant issued Bernard "has been largely absent from … Ohio, has changed his

appearance, has left his children … in Ohio, and contacts them only from … a burner phone --

taking all kinds of steps to avoid apprehension."  ECF Doc. 8-2 at 1.

On July 31, 2019, the trial court held a community control violation hearing.  ECF Doc.

8-2 at 5.  At the onset, Bernard requested release on a recognizance bond and a continuance so

that he could engage and retain new counsel to represent him.  ECF Doc. 8-2 at 5–6.  The court

denied Bernard's bond request, after which the following exchange occurred:

> [Bernard]:     I understand.  But, I can make the payments back to these people
> as soon as I get … my [broken] arm back together.  I am saying in three or four
> months I will make payments.  … I figured out last night, with three more years
> left, I could make a $1,300 payment.
>
> [Court]:     What about the warrants out of Crawford County where you were
> doing the exact same thing with sheds, taking people's money and ripping them
> off?
>
> [Bernard]:     I was not ripping them off.  … [W]hen I was off for three months
> some sheds came up missing.  … I did not know I had warrants out for me.  I
> didn't know it until I read the website in September of last year, okay?
>
> [Court]:     How can you not know?  If you're on community control with
> conditions that you meet with the probation officer and you pay restitution and
> then you take off, how can any reasonable person claim that they don't know that
> there's a warrant out for them?
>
> [Bernard]:     I knew in September there was a warrant, all right?  I didn't come
> back.  No one contacted me from the Sherriff's Department in Crawford.  They
> contacted me once in July and they said we were going to meet.  We never met,
> okay?  I am telling you the God honest truth.  I have not been lying to the Court.
> * * *
>
> [Court]:     I don't believe a word you're saying, Mr. Bernard.  I think you're
> one of the biggest conmen I've ever seen in my court -- ever -- and 23 years of
> being a prosecutor before that, you take the cake.  So I guess you've
> accomplished something, you're the best at what you do.  How are you going to
> pay for an attorney when you can't pay these people back that you ripped off?
>
> [Bernard]:     My family.

4

[Court]:        So your family, rather than helping you pay people that are left out there without anything, are going to pay for an attorney instead?

[Bernard]:        … [I]f you put me away for 17 years, how can I pay them back?  I will pay them back.

[Court]:        No one has ever said you're going to do 17 years.

[Bernard]:        … I just had a private meeting with my attorney and he said I could go away for up to 17 years.

[Court]:        The word in there you're stepping over is "could."  No one ever said that you would, have they?

[Bernard]:        I am worried, … okay?  I can pay the people back and I'll show you that I can.  I'll make you a deal.

[Court]:        That's what I gave you an opportunity to do.

[Bernard]:        And I understand that I made a mistake.

[Court]:        I don't want a used car salesman telling me that "I'll make you a deal" because that's not happening.  I'm the one that's going to make the deal.  But, wasting money on an attorney when you've absconded for a year rather than paying these people back, is not making me happier, it's making me less happy.  It's making me feel that you have no sincere effort or desire or remorse for what you did and you don't want to pay these people back, so I don't want to throw good money after bad.  If you have money, it needs to go to these people.

[Bernard]:        That's fair.  I will do that.  I'll keep … Mr. Coon -- as my attorney.

ECF Doc. 8-2 at 6–7.

The trial court then inquired into whether Bernard intended to proceed to a hearing on his community control violation.  ECF Doc. 8-2 at 7.  Bernard indicated that he had spoken with counsel on the matter and agreed to waive the hearing and stipulate to absconding and non-payment of restitution.  *Id.*  In light of the stipulation, the state indicated it would not pursue the violation for not reporting the July 2018 indictment.  *Id.*  The court found Bernard in violation of the terms of his community control and later sentenced him to an aggregate prison term of eight years.  ECF Doc. 8-1 at 42–43, 47; ECF Doc. 8-2 at 7, 13–14.

**B.** **Direct Appeal**

On September 20, 2019, Bernard timely appealed through new appointed counsel.  ECF

Doc. 8-1 at 56.  Bernard asserted one assignment of error:

> May a Trial Court accept a Defendant's stipulation and waiver of a hearing
> regarding a Community Control Violation where the Court has not advised the
> Defendant of his right to retained counsel under Ohio R. of Crim. Pro. 32, and
> where the Defendant requested a continuance to hire counsel?

ECF Doc. 8-1 at 66.  In support, Bernard argued that his right to counsel of choice, as guaranteed

under Ohio Crim. 32.3(B) and the Ohio and United States constitutions, was violated when the

trial court dissuaded him from seeking retained counsel by indicating that doing so would be a

waste of money.  ECF Doc. 8-1 at 70.  He further argued that the court failed to comply with

Rule 32.3 when it accepted his stipulation and disposition hearing waiver without first advising

him of his right to retained counsel.  ECF Doc. 8-1 at 71.  The state filed an appellee brief.  ECF

Doc. 8-1 at 75–84.

On December 4, 2020, the Ohio Court of Appeals overruled Bernard's assignment of

error and affirmed his convictions.  ECF Doc. 8-1 at 85–91; *see also State v. Bernard*, 2020-

Ohio-5545 (Ohio Ct. App. 2020).  The court reasoned:

> {¶14} Under Crim. R. 32.3(B), advisement by the trial court of the right to
> retained counsel at a community control violation hearing is a nonconstitutional
> right.  We find that [Bernard] asserted his right to retained counsel without such
> advisement.  However, after engaging in a colloquy with the court, not only did
> he waive the right to such an advisement, he also waived his right to retained
> counsel and voluntarily chose to continue to be represented by his appointed
> counsel.

ECF Doc. 8-1 at 90.

On December 14, 2020, Bernard filed a pro se "motion" for reconsideration of the Ohio

Court of Appeals' decision.  ECF Doc. 8-1 at 82.  Bernard argued that: (i) his due process rights

were violated when the trial court failed to advise him of his right to retained counsel; and

(ii) trial counsel was ineffective when he failed to object to Bernard's stipulation due to the lack of advice. ECF Doc. 8-1 at 93–98.

On January 7, 2021, the Ohio Court of Appeals denied Bernard's motion, which it treated as an application to reopen pursuant to Ohio App. R. 26(A). ECF Doc. 8-1 at 108. The court found that Bernard's arguments amounted to mere disagreement with its previous decision and raised new issues that could have been raised in his appellate brief, both of which were improper grounds for relief under Rule 26(A). ECF Doc. 8-1 at 109–10.

On January 11, 2021, Bernard appealed to the Ohio Supreme Court. ECF Doc. 8-1 at 112–13. Bernard reasserted his assignment of error as a proposition of law. ECF Doc. 8-1 at 127. He argued, however, that: (i) his "guilty plea" was involuntary because he was not advised of his right to retained counsel under Ohio Crim. R. 32.3(B); and (ii) the Ohio Court of Appeals erred in finding that he waived his right to retained counsel because there was no express or written waiver, as required by Ohio Crim. R. 32.3(D). ECF Doc. 8-1 at 116–18, 120–26. Bernard cited to support his argument Ohio caselaw applying the framework for analyzing the voluntariness of guilty pleas pursuant to Ohio Crim. R. 11 and "State v. Riley (1998)." *Id.* (citing *State v. Veney*, 120 Ohio St.3d 176 (Ohio 2008); *State v. Ballard*, 66 Ohio St.2d 473 (Ohio 1981)).

On March 30, 2021, the Ohio Supreme Court declined to accept jurisdiction. ECF Doc. 8-1 at 137.

### C. Motion to Withdraw Guilty Plea

On May 11, 2020, Bernard filed a pro se motion to withdraw guilty plea pursuant to Ohio Crim. R. 32.1. ECF Doc. 8-1 at 138. Bernard argued that his June 27, 2017 guilty plea was involuntary because his attorney advised him to plead guilty without the benefit of a bill of

particulars.  ECF Doc. 8-1 at 139–41.  The state filed an opposition.  ECF Doc. 8-1 at 142–44.

On May 27, 2020, the trial court summarily denied Bernard's motion.  ECF Doc. 8-1 at 145.

On June 15, 2020, Bernard appealed.  ECF Doc. 8-1 at 146.  On July 8, 2020, the Ohio

Court of Appeals identified various deficiencies in Bernard's notice of appeal and *sua sponte*

ordered him to file an amended notice of appeal within ten days, which he did on July 20, 2020.

ECF Doc. 8-1 at 149–51.  On September 24, 2020, the court *sua sponte* dismissed Bernard's

appeal because he never filed a brief or moved to extend the time within which to do so.  ECF

Doc. 8-1 at 153.

On October 26, 2020, Bernard filed an application to reopen pursuant to Ohio App. R.

26(B), arguing that his ability to file a timely brief was affected by his pro se status and the

closure of the prison law library after the onset of the Covid-19 pandemic.  ECF Doc. 8-1 at 154–

56.  On March 1, 2021, Bernard separately filed in the Ohio Court of Appeals a motion to "file

an Amendment For Withdraw of Guilty Plea."  ECF Doc. 8-1 at 159.  Bernard sought to amend

his motion to assert that: (i) he should not have been charged with aggravated theft because the

restitution amount determined by the trial court was less than $150,000; and (ii) trial counsel was

ineffective for not alerting him of the charging error.  ECF Doc. 8-1 at 159–60.  On March 9,

2021, the Ohio Court of Appeals treated both of Bernard's filings as Ohio App. R. 26(B)

applications to reopen his direct appeal and denied them as untimely.  ECF Doc. 8-1 at 163–64.

On April 7, 2021, Bernard appealed to the Ohio Supreme Court, asserting one proposition

of law: his rights under Ohio Crim. R. 32.3(B) and the Ohio and United States constitutions were

violated when the trial court failed to advise him of his right to retained counsel.  *See* ECF Doc.

8-1 at 176.  In support, he argued that: (i) the court could not accept his stipulation and

disposition hearing waiver without first advising him of his right to retained counsel; (ii) the

court failed to obtain a valid waiver of his right to retained counsel in compliance with Ohio Crim. R. 44(C); and (iii) any waiver was not voluntary because he was not advised of his right to counsel and the court coerced him into using "[i]neffective [a]ssistance of [c]ounsel." ECF Doc. 8-1 at 173–75.  In making his argument, Bernard cited *Strickland v. Washington*, 466 U.S. 668 (1984), and Ohio caselaw analyzing the validity of a waiver of the right to counsel, under the Sixth Amendment, before allowing a defendant to proceed pro se.  *See* ECF Doc. 8-1 at 174 (citing *State v. Tilley*, 2018-Ohio-2922 (Ohio Ct. App. 2018); *State v. Scalf*, 2017-Ohio-5817 (Ohio Ct. App. 2017); *State v. Taylor*, 2013-Ohio-1300 (Ohio Ct. App. 2013)).

On June 22, 2021, the Ohio Supreme Court declined to accept jurisdiction. ECF Doc. 8-1 at 186.

### D.      Petition for Post-Conviction Relief

On February 17, 2021, Bernard filed a pro se motion for leave to file an untimely petition for post-conviction relief. ECF Doc. 8-1 at 187.  Bernard's untimely petition proposed four claims:

(i)     The state failed to deduct from the order of restitution $30,500 for a vehicle for which he failed to deliver a valid title after he provided the prosecutor a copy of a signed purchase agreement. ECF Doc. 8-1 at 187–88.

(ii)    The state engaged in prosecutorial misconduct when it charged him with a higher felony charge and failed to produce a bill of particulars. ECF Doc. 8-1 at 188–89.

(iii)   His right against double jeopardy was violated when the trial court imposed a fine and separately entered a civil judgment in favor of the state for the same conduct. ECF Doc. 8-1 at 189.

(iv)    He was deprived of effective assistance of counsel when his first appointed counsel withdrew due to a conflict of interest based on erroneous information provided by the state. ECF Doc. 8-1 at 189–90.

The state filed an opposition. ECF Doc. 8-1 at 192–94.

On March 2, 2021, the trial court denied Bernard's motion.  ECF Doc. 8-1 at 195.  The court found that his claims were unsubstantiated and unclear as to what relief he sought.  ECF Doc. 8-1 at 195–97.  The court further advised Bernard that a post-conviction petition would be improper; a second motion to withdraw guilty plea would be barred by res judicata and beyond the jurisdiction of the court; and the court lacked authority to amend or modify his sentence.  ECF Doc. 8-1 at 196.

On March 29, 2021, Bernard appealed.  ECF Doc. 8-1 at 198.  On September 21, 2021, the Ohio Court of Appeals *sua sponte* dismissed the appeal because Bernard did not file a brief or move for an extension of the time within which to do so.  ECF Doc. 8-1 at 205.

Meanwhile, Bernard filed a second motion for leave to file a delayed petition for post-conviction relief with the Ohio Court of Appeals, reiterating the claims from his previous motion.  ECF Doc. 8-1 at 207–12.  On July 20, 2021, the court construed Bernard's motion as a motion for delayed appeal, under Ohio App. R. 5, and denied the motion as moot because his previous notice of appeal was timely.  ECF Doc. 8-1 at 213–14.

Bernard did not further appeal the Ohio Court of Appeals' decision.  *See* Online Docket for Sixth District Court of Appeals, No. 2021WD0023.

### E.    Reinstatement of Community Control

On April 30, 2021, Bernard filed a motion to vacate his sentence of incarceration and reinstate community control.  ECF Doc. 8-1 at 215–20.  On May 4, 2021, the trial court summarily denied the motion.  ECF Doc. 8-1 at 221.  On May 20, 2021, Bernard filed a motion to clarify the trial court's order.  ECF Doc. 8-1 at 222–25.  On June 25, 2021, the court denied the motion to clarify.  ECF Doc. 8-1 at 226.

10

Bernard did not appeal the trial court's decision.  Online Docket for Wood Cnty. Ct. of Comm. Pleas, No. 2016CR066.

## II.    Law and Analysis

### A.    Ground One

Bernard's Ground One claim argues that his Sixth Amendment rights to a fair trial and effective assistance of counsel were violated when the trial court denied his request for a continuance to secure retained counsel.  ECF Doc. 1 at 5.

Warden Foster responds that Bernard's Ground One claim is procedurally defaulted because Bernard did not fairly present the same constitutional theories at every stage of state review.  ECF Doc. 8 at 12–19.  Warden Foster alternatively argues that Bernard's claim lacks merit because the Ohio Court of Appeals' rejection of Bernard's Ground One claim was neither contrary to, nor an unreasonable application of, clearly established federal law.  ECF Doc. 8 at 19–25.

#### 1.    Procedural Default

##### a.    Establishing Default

Before coming to federal court, a habeas petitioner must give the state courts a "*fair*" opportunity to act on his federal constitutional claims.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (emphasis in original).  If the petitioner did not do so and has no legal mechanism by which to do so now, the claim he failed to present is procedurally defaulted, which means this court cannot act on the claim either.  *Williams v. Anderson*, 460 F.3d 789, 809 (6th Cir. 2006).

For a claim to have been fairly presented, the factual and legal basis of the claim asserted by the petitioner must have been raised *at every available stage* of state review.  *Wagner v. Smith*, 581 F.3d 410, 418 (6th Cir. 2009); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir.

2000).  The petitioner must have presented "his claim to the state courts as a federal

constitutional issue – not merely as an issue arising under state law."  *Williams*, 460 F.3d at 807

(internal quotation marks omitted).  In this Circuit, this can be done in one of four ways:

> (1) reliance upon federal cases employing constitutional analysis;

> (2) reliance upon state cases employing federal constitutional analysis;

> (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or

> (4) alleging facts well within the mainstream of constitutional law.

*McMeans*, 228 F.3d at 681 (paragraph breaks added).

Bernard's Ground One claim is procedurally defaulted.  The essence of Bernard's

Ground One claim is that his Sixth Amendment rights were violated when the trial court denied

him a continuance to secure retained counsel, *i.e.*, a violation of his right to counsel of choice.

*See United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006); *Powell v. Alabama*, 287 U.S. 45,

53 (1932).  He raised the choice of counsel claim in his Ohio Court of Appeals brief.  ECF Doc.

8-1 at 5 ("The United States Constitution protects the right to choice of counsel under the Sixth

Amendment, and the denial of counsel choice is a "structural error" requiring reversal without

further analysis." (Quoting *State v. Chambliss*, 128 Ohio St.3d 507, 510 (Ohio 2011)).  However,

he did not further raise the claim to the Ohio Supreme Court; rather, he challenged the

voluntariness of his plea and the trial court's compliance with Ohio's criminal rules.  *See* ECF

Doc. 8-1 at 120–26.  The caselaw he cited did not employ a Sixth Amendment choice of counsel

analysis.  *See id.*; *McMeans*, 228 F.3d at 681.  And he did not allege facts within the mainstream

of a Sixth Amendment choice of counsel claim.  *See* ECF Doc. 8-1 at 117–26; *McMeans*, 228

F.3d at 681.

Bernard could be said to have raised a Sixth Amendment choice of counsel claim to the Ohio Supreme Court when he appealed the denial of his motion to withdraw guilty plea.  There he unequivocally asserted a Sixth Amendment violation based on not being advised he could elect to proceed with retained counsel, though he did not cite caselaw employing a Sixth Amendment choice of counsel analysis.  ECF Doc. 8-1 at 173–75.  However, Bernard's Ground One claim would still be procedurally defaulted, because he failed to raise his constitutional claim to the trial court in his motion to withdraw guilty plea or to the Ohio Court of Appeals on appeal from the order denying the motion.  *See Wagner*, 581 F.3d at 418; ECF Doc. 8-1 at 138–41, 146, 151, 154–56, 158–60.  Any future attempts to raise a choice of counsel claim would be barred by Ohio's res judicata doctrine.  Thus, Bernard's Ground One claim is procedurally defaulted.  *Williams*, 460 F.3d at 809.

### b.     Overcoming Default

Because the procedural-default bar to federal habeas review is harsh, courts have created safety-valves.  A petitioner can obtain review of procedurally defaulted claims if he shows: (1) "cause," *i.e.* that some external factor kept him from complying with the state rule or from fairly presenting his claim; and (2) "prejudice," *i.e.* that, assuming the petitioner's constitutional claim has merit, there is a reasonable probability that a different outcome would have resulted if the alleged constitutional violation hadn't occurred.  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012).  A petitioner can also obtain review of a procedurally defaulted claim if his procedurally defaulted claim is based on new evidence that he was factually innocent of the crime of conviction.  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Bernard has not attempted to establish cause to excuse his procedural default.  *See generally* ECF Doc. 1; ECF Doc. 9.  He cannot rely on his pro se status to meet that burden.  *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004).  And his inability to establish cause makes it unnecessary to consider whether he has shown prejudice.  *Matthews v. Ishee*, 486 F.3d 883, 891 (6th Cir. 2007).

Bernard also has not asserted a claim of actual innocence.  Although Bernard argues in his traverse that he was mischarged with aggravated theft because the value of the property at issue was worth less than $150,000, that is at most a claim of technical *legal* innocence, as opposed to *factual* innocence.  *Morris v. Macdonald*, No. 2:16-cv-0771, 2016 U.S. Dist. LEXIS 172316, at *12 (E.D. Cal. Dec. 12, 2016); ECF Doc. 9 at 2–3.  The reason why is because the underlying act (stealing people's assets) remains unchallenged.  ECF Doc. 8-1 at 7–8.  Moreover, the evidence upon which that claim is based (an excerpt from Bernard's indictment) is not "new."  *Schlup*, 513 U.S. at 324; ECF Doc. 9-1.

I recommend that Bernard's Ground One claim be DISMISSED as procedurally defaulted.

### 2. Merits

Even if Bernard's Ground One claim were not procedurally defaulted, the claim would fail for lack of merit.

Because the Ohio Court of Appeals addressed Bernard's Ground One claim on the merits, a writ of habeas corpus can issue only if that decision: (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the record before the state court.  28 U.S.C. § 2254(d).  So long as "fairminded jurists" could disagree on whether the

state court correctly decided the matter, we may not grant relief. *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (internal quotation marks omitted).

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right … to have the assistance of counsel for his defense." U.S. Const. amend. VI. This includes the "the right of a defendant who does not require appointed counsel to choose who will represent him." *Gonzalez-Lopez*, 548 U.S. at 144. Thus, "a defendant should be afforded a fair opportunity to secure counsel of his choice." *Powell*, 287 U.S. at 53.

The Ohio Court of Appeals' denial of Bernard's Ground One claim was neither contrary to, nor an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d). Revocation proceedings are not "criminal prosecutions;" defendants in such proceedings are therefore not entitled to "the full panoply of rights due to a defendant" in a criminal prosecution. *Morrisey v. Brewer*, 408 U.S. 471, 480 (1972). For example, absent special circumstances, probationers and parolees do not have a constitutional right to counsel. *Pa. Bd. of Prob. & Parole v. Scott*, 524 U.S. 357, 365 n.5 (1998); *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973); *see also United States v. Salamanca*, 821 F. App'x 584, 587 (6th Cir. 2020). And neither the Supreme Court nor the Sixth Circuit has taken a position on whether the right to counsel of choice applies at a revocation hearing. *See United States v. Lester*, No. 95-5765, 76 F.3d 380 [published in full-text format at 1996 U.S. App. LEXIS 3469], at *9 (6th Cir. Jan. 24, 1996) (holding that the right to counsel at a supervised release revocation hearing was statutory, not constitutional); *Ellis v. Little*, No. 1:15-cv-00515, 2018 U.S. Dist. LEXIS 210024, at *16 (D. Idaho Dec. 11, 2018) ("there is no clearly-established Supreme Court precedent that the Due Process Clause includes a right to counsel of choice – as opposed to a right of counsel in general – in any such proceeding").

15

Because there is no Supreme Court precedent that the state court's decision could be deemed contrary to, Bernard cannot satisfy § 2254(d)(1). *Stewart v. Winn*, 967 F.3d 534, 538 (6th Cir. 2020); *Ellis*, No. 1:15-cv-00515, 2018 U.S. Dist. LEXIS 210024, at *16.

Should the Court prefer to dispose of Bernard's Ground One claim on this basis, it could be denied as meritless.

### III.  Certificate of Appealability[4]

Under 28 U.S.C. § 2253(c)(1)(A), this court will grant a certificate of appealability ("COA") for an issue raised in a §2254 habeas petition only if the petitioner has made a substantial showing of the denial of a federal constitutional right. *Cunningham v. Shoop*, 817 F. App'x 223, 224 (6th Cir. 2020). A petitioner satisfies this standard by demonstrating that reasonable jurists "could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (internal quotation marks omitted); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a claim is denied on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

If the Court accepts my recommendations, Bernard will not be able to show that the Court's rulings on his claim are debatable among jurists of reason. Bernard's sole claim for

---

[4] In light of the requirement that the Court either grant or deny a certificate of appealability at the time of its adverse order, a recommendation regarding the certificate of appealability is included. Rule 11(a), 28 U.S.C. foll. § 2254.

relief is procedurally defaulted and meritless.  Because jurists of reason would not find these conclusions to be debatable, I recommend that no COA issue in this case.

## IV.     Recommendation

Because Bernard's claim for relief is procedurally defaulted and meritless, I recommend that Bernard's claim be DISMISSED as defaulted or DENIED on the merits and that his petition for a writ of habeas corpus be DENIED.  I further recommend that Bernard not be granted a COA.

Dated: January 19, 2023

Thomas M. Parker
United States Magistrate Judge

_____

### Objections, Review, and Appeal

Within 14 days after being served with a copy of this report & recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge.  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C.§ 636(b)(1); Local Rule 72.3(b).  Properly asserted objections shall be reviewed de novo by the assigned district judge.

* * *

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation.  *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019).  Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 301875, at *2 (W.D. Ky. June 15, 2018) (quoting *Howard*).  The failure to assert specific

17

objections may in rare cases be excused in the interest of justice.  *See United States v. Wandahsega*, 924 F.3d 868, 878–79 (6th Cir. 2019).